UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**J.B.,** by and through his next friend,
Frances Boylan; **J.D.; D.F.,** by and
through his next friend, Debbie
Marion; on behalf of themselves
and all persons similarly situated;

    Plaintiff,

vs.                                                                    **CASE NO. 4:11-cv-00083-RH-WCS**

**WANSLEY WALTERS,** in her
official capacity as Secretary of the
Florida Department of Juvenile Justice;
**MICHAEL CANTRELL**, in his
official capacity as Operations and
Program Manager of the North Florida
Youth Development Center; and **TEION
WELLS HARRISON**, in her official
capacity as the Designated Mental Health
Authority of the North Florida Youth
Development Center;

    Defendants.
_____/

## DEFENDANTS WALTERS AND CANTRELL'S MOTION TO DISMISS

Defendants, Wansley Walters ("Walters") and Michael Cantrell ("Cantrell") (or collectively "Defendants"), through counsel and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, move to dismiss Plaintiffs' complaint, and state the following in support thereof:

### I. INTRODUCTION AND STATEMENT OF PERTINENT FACTUAL ALLEGATIONS

This is a class action lawsuit brought by three named Plaintiffs, J.B., J.D., and D.F., and all persons similarly situated ("Plaintiffs") pursuant to 42 U.S.C. § 1983 for violation of their

Fourteenth Amendment due process rights under the United States Constitution.

Plaintiffs are all allegedly confined at the North Florida Youth Development Center ("NFYDC"), a juvenile facility in Marianna, Florida. Plaintiffs allege generally that they are being denied mental health treatment and other services, and that they are being subjected to an abusive and unsafe environment at NFYDC all of which constitute punishment and are a "substantial departure from accepted professional judgment, practices and standards" in violation of their Fourteenth Amendment rights. *See e.g.,* complaint, paragraphs 2 and 3. Plaintiffs seek only declaratory and injunctive relief.

Defendants Wansley Walters, Secretary of the Department of Juvenile Justice ("DJJ"), and Michael Cantrell, Operations and Program Manager at NFYDC, are both sued in their official capacities.[1]

The named Plaintiffs have been collectively diagnosed with conditions which include psychological disorders, speech disorders, substance abuse problems, cognitive deficits, depression, anxiety disorder, and ADHD. *Id.*, paragraphs 8-10.

Plaintiffs are juveniles who have been "adjudicated delinquent" by the courts of Florida. *See* complaint, paragraph 1. Plaintiffs are allegedly confined at both Open and Closed Campuses at NFYDC with the "high risk" youth confined at the Open Campus, and both "high risk" and "maximum risk" youth are confined at the Closed Campus. *See* complaint, paragraph 26. Plaintiffs further allege that the "length of stay for Open Campus and the DD/BDD Program is supposed to average 9 to 12 months . . . [and the] length of stay at NFYDC for the Closed

---

[1] The third Defendant, Teion Wells Harrison, is also sued in her official capacity as the "Designated Mental Health Authority" of NFYDC, however, Plaintiffs have not alleged that she is an employee of DJJ.

Campus is supposed to average 18 and 36 months . . . [H]owever, youth can remain at the facility well past these average lengths of stay." *See* complaint, paragraph 27. This is generally consistent with section 985.465, Florida Statutes, which identifies such a facility within DJJ as a "juvenile *correctional facility or juvenile prison.*" (Emphasis supplied).

## II. MEMORANDUM OF LAW

### A. DISMISSAL OF DEFENDANT CANTRELL

Defendant Cantrell is sued in his official capacity as the Operations and Program Manager of the NFYDC. *Id.*, paragraph 14. Defendant Cantrell's inclusion in this action is unnecessary given the fact that Defendant Wansley is also being sued in her official capacity as the Secretary of DJJ.

It is well established that a suit against a governmental official in his or her official capacity is "functionally equivalent" to suing the government entity, and there is no longer any "need to bring official-capacity actions" against governmental officials. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991). Stated otherwise, Plaintiffs' claim against Defendant Wansley in her official capacity as the DJJ Secretary is simply "another way of pleading an action against" DJJ. *Id.*, quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (other citations omitted). That being so, Defendant Cantrell's inclusion as a party-defendant in this action is both unnecessary and redundant. *Busby*, 931 F.2d at 776; *see Stoddard v. Florida Bar of Board Examiners*, 509 F.Supp.2d 1117, (N.D.Fla.2006) ("claims against other defendants in their official capacities are redundant to claims against the Board and properly should be dismissed on that basis").

Accordingly, Defendant Cantrell, should be dismissed from this action as a party-

defendant.

## B. FAILURE TO STATE A CAUSE OF ACTION

### 1. STANDARD OF REVIEW

A Rule 12(b) motion to dismiss tests the sufficiency of a plaintiff's well-pleaded allegations which are accepted as true and construed in a light most favorable to him. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir.2009). Nevertheless, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). Rule 8(a)(2) requires that Plaintiffs provide only a "short and plain statement of [her] claim" showing entitlement to relief, and that "specific facts are not necessary; the statement need only 'give the [defendant] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court in *Twombly* also held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555.

To state a claim under section 1983 for inadequate medical or mental health care and treatment, Plaintiffs must show that the failure to provide them such care and treatment amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Further, Plaintiffs must plead facts and ultimately show that this inadequate care arose from a "deliberate indifference to [their] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003) ("First, a

plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need.").

While Plaintiffs are not required to use the term "deliberate indifference" to satisfy pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, they must nevertheless allege facts from which this court could reasonably conclude that Defendants' actions rose to the level of "deliberate indifference". As more fully set forth below, Plaintiffs have not alleged facts which show or demonstrate that the conduct of Defendants amounted to "cruel and unusual punishment". Rather, a plain reading of Plaintiffs' complaint sounds in negligence, or at worst, malpractice.

## 2. MENTAL HEALTH CARE AND TREATMENT

Plaintiffs claim that Defendants have violated their rights under the Fourteenth Amendment pursuant to section 1983 by failing to provide them with adequate and appropriate mental health care at NFYDC. Plaintiffs' complaint is rife with allegations against Defendants which are couched in terms of negligence or malpractice as evidenced by their use of words and phrases (and their derivatives) such as: "substantial departure from accepted professional practice

and standards";[2] "reasonable",[3] "adequate",[4] "appropriate";[5] and "contraindicated".[6]

The constitutional standard for evaluating claims alleging violations of the Due Process Clause of the Fourteenth Amendment brought pursuant to section 1983 is the same as that for alleged Eighth Amendment violations, and require that a plaintiff show deliberate indifference on the part of the defendant(s). *See Goebert v. Lee County*, 510 F.3d 1312, 1325-27 (11th Cir.2007) (standards that govern an Eighth Amendment claim govern a pretrial detainee's claim under the Fourteenth Amendment); *see also Marsh v. Butler County*, 268 F.3d 1014, 1024 n. 5 (11th Cir.2001) (en banc) ("the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments"); *Woody v. Cronic*, 401 Fed.Appx. 509 (11th Cir.2010); (*Burkett v. Alachua County*, 250 Fed.Appx. 950, *3 (11th Cir.2007) (deliberate indifference standard under both the Eighth and Fourteenth Amendments applied to pretrial detainee's mental health claim); *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n. 6 (11th Cir.1997) (precedent from Eighth and Fourteenth Amendment cases are applied interchangeably"); *H.C. v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir.1986) (court applied the *Estelle v. Gamble* deliberate indifference analysis in section 1983 class action brought on behalf

---

[2] *See* complaint, paragraphs 2, 48, 70, 74, and 86 (this last cited paragraph also includes the phrase "no clinical significance")

[3] *Id.*, paragraphs 2, 70, and 101.

[4] *Id.*, paragraphs 33, 34, 39, 41, 42, 48, 49, 57, 68, 74-77, 82-83, 86, 90, 97 and 101.

[5] *Id.*, paragraphs 39, 45, 47, 60, 61, and 67.

[6] *Id.*, paragraph 60 and 63.

of juveniles at a detention center pending trial on delinquency charges claiming in part the deprivation of medical attention.[7]

DJJ's constitutional duty to Plaintiffs at NFYDC is to provide them with minimally adequate medical and mental health care to the youth at NFYDC. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Greason v. Kemp*, 891 F.2d 829, 834 (11th Cir.1990). Plaintiffs have the right "to be free from deliberate indifference by correctional institutions to their serious physical and psychological needs." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991). However, such medical or mental health treatment violates the Eighth Amendment only when it is "so incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.3d 1052, 1058 (11th Cir.1986); *see also Gross v. White*, 340 Fed.Appx. 527, *5 (11th Cir.2009); *Freeman v. Lebedovych*, 186 Fed.Appx 943, *2 (11th Cir.2006) (decision by prison psychologist to decrease inmate's psychotropic medications was not deliberately indifference as it was not so "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness") (citation omitted).

---

[7] Even in cases involving those who are civilly committed, and who "must be afforded more considerate treatment than afforded to prisoners", courts have held that the "Eighth Amendment's deliberate indifference jurisprudence is applicable to the Fourteenth Amendment due process rights of pre-trial detainees." *Corpus v. Ms. Teion-Wells/DCFS-SVP*, 2010 WL 1793412 (M.D. Fla.), *Id.*, at *3, *see also Lavendar v. Kearney*, 206 Fed.Appx. 860, 863 n. 2 (2006). In *Preyer v. McNesby*, 2009 WL 1605537 (N.D.Fla.), a pretrial detainee asserted an excessive force claim and the court applied the Fourteenth Amendment which forbids punishment of any kind prior to lawful incarceration, but noted that the Constitution "permits the use of physical coercion on a detainee 'in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm.'" *Id.*, *8, quoting *Skritch v. Thornton*, 280 F.3d 1295, 1300 (11th Cir.2002). The court in *Preyer* went on to hold that a plaintiff "must show that the defendant's conduct 'shocks the conscience.'" *Id.*, *8, quoting *Lumley v. City of Dade City, Florida*, 327 F.3d 1186, 1196 (11th Cir.2003).

The law is well-settled that "[t]o prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between the indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir.2009). A "serious medical need" is one that "if left unattended, poses a substantial risk of serious harm" and can be either: (1) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention; or (2) one where "a delay in treating the need worsens the condition." *Id.*, at 1307.

To demonstrate the deprivation of a medical attention claim requires that the claimant demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute unnecessary and wanton infliction of pain" *and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."* *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir.2000) (emphasis supplied). Further, Plaintiff must allege and ultimately prove the subjective component of deliberate indifference by showing that officials: "(1) knew of the risk of serious harm; (2) disregarded that risk; and (3) acted with more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir.2003).

Importantly, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Nor do differences or disagreements between the inmate/delinquent and the medical (or mental health) staff as to diagnoses or courses of treatment support a claim of cruel and unusual punishment. *See Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir.1999); *see also Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.1989);

*Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) ("Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference."); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir.1995) ("[F]urther, the question of whether an inmate should have received different diagnostic tests or treatments is not an appropriate basis for Fourteenth Amendment liability.").

Plaintiffs' claims in this action are essentially complaints about the adequacy of, and disagreements with the type of mental health care being provided. The best example of this can be found in paragraph 86 of the complaint where Plaintiffs allege that one of J.B.'s counselors "asked him to agree to a 'contract' that he would not harm himself . . . [which as] a matter of professional judgment practice or standards, such 'contracts' are *deemed to have no clinical significance* and should not be relied upon . . . . [and that since] J.B. continued to engage in self-harming behaviors after his counselor tried to make this agreement, *obviously, a better strategy for treatment was needed that was grounded in accepted professional judgment, practices and standards.*" (Emphasis supplied).

### 3. CONDITIONS OF CONFINEMENT AND EXCESSIVE FORCE

Plaintiffs allege certain conditions of confinement which they claim are "abusive" and "punitive", and include: being placed in isolation where they are unable to attend school or vocational programs, and cannot participate in group or individual counseling; not having a mattress to sleep on while in isolation; not permitted to participate in recreational or training programs; the use of unnecessary and excessive physical force; physically restrained including the use of mechanical restraints. In cases seeking injunctive relief for confined persons, it is only those conditions which "involve the wanton and unnecessary infliction of pain" which violate the

Constitution. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir.2004), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

At the same time Plaintiffs make these claims, they also allege the events and incidents which precipitated their placement in isolation:

> carving into their bodies, ingesting foreign substances, banging their heads against their room doors or walls, "mouthing off" to staff, making inappropriate uses of feces and urine, refusing to following staff instructions, defending themselves from physical attacks by other youth where staff fail to intervene, attempting and engaging in self-harm or vocalizing suicidal thoughts . . .

*See* complaint, paragraph 51.[8]

"The standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments," *Marsh v. Butler County, supra*, 268 F.3d at 1024 n. 5, and that "[a]bsent a showing of an express intent to punish on the part of the State, that determination generally will turn on 'whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Schall v. Martin*, 467 U.S. 253, 269 (1984), quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, at 168-189 91963).

"To establish an Eighth Amendment claim based on conditions of confinement, an inmate must show that the conditions were 'extreme' and that prison officials were deliberately indifferent in subjecting the inmate to those extreme conditions." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir.2004). In *Gross v. White, supra*, plaintiff alleged a violation of his Eighth

---

[8] Perhaps the best example of specific conduct by a Plaintiff which precipitated and resulted in the use of physical force on him by staff at NFYDC is J.B.'s allegation that he "wrapped a sheet around his neck and attempted to strangle himself, attempted to choke himself with his hands and banged his head on walls and doors, multiple staff consistently used a 'take down' restraint which forced J.B. prone onto the ground . . . [and] frequently use mechanical restraints on [him] in these instances by handcuffing his legs and arms." *Id.*, paragraph 81.

Amendment rights when officials confined him in isolation for six days, and the court held that he failed to show a constitutional violation because he had not alleged the kind of "extreme deprivations required to establish an Eighth Amendment conditions-of-confinement claim. *Gross v. White*, at *6, citing *Chandler v. Crosby*, 379 F.3d at 1298. The court in *Gross* noted that plaintiff failed to allege that officials were deliberately indifferent to any substantial risk of serious harm, and further observed that while in isolation he receive meals and nurses checked his blood pressure daily. *Id.*, at *6. Plaintiffs have likewise failed to allege facts which state a claim under the Eighth and Fourteenth Amendments. The "deprivations" alleged by Plaintiffs in the instant action fall far short of "extreme" and involve the use of isolation and restraints in response to Plaintiffs' admitted acts of self-injury or other mental health episodes.[9] They also allege indirect consequences of being placed in isolation which include the inability to participate in other activities (i.e., "programming"), which again by Plaintiffs' own admissions, last only from several hours to several days.[10] Even so, Plaintiffs have not alleged that Defendants were aware of facts from which they did or could have drawn an inference that placing Plaintiffs in isolation for several hours to several days created a substantial risk of serious harm to them. *See Farmer v. Brennan*, 511 U.S. 1970, 1979 (1994).

The applicable standard for evaluating claims of excessive force for those held in

---

[9] In *Scroggins v. Davis*, 346 Fed.Appx. 504, *1 (11th Cir.2009), held that placement of inmate in four-point restraints for three hours and fifteen minutes did not amount to excessive force.

[10] J.B. alleges that he was placed in isolation "for time periods ranging from a few hours to several days." *Id.*, paragraph 58; J.D. alleges that he was placed in isolation for "time periods ranging from one to several days.", *id.*, paragraph 62; and D.F. alleges he was placed in isolation "for time periods ranging from one to several days." *Id.*, paragraph 65.

detention, whether as pretrial detainees or inmates, is whether or not the force used was "applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir.2005), quoting *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir.1987). Plaintiffs' complaint nowhere alleges that Defendants' actions were either malicious or sadistic, or devoid of any effort to maintain or restore discipline.

In cases seeking injunctive relief to prevent the risk of serious injury from becoming actual harm, "'the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct. *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Plaintiffs have failed to allege facts showing that Defendants' actions could be interpreted or construed for purposes of a motion to dismiss were done "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, ___ U.S. ___, 130 S.Ct. 1175, 1178 (2010).[11]

---

[11] Defendants have not moved for dismissal for Plaintiffs' failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA") given that they have not alleged exhaustion in their complaint, nor have they have attached any documents in an attempt to show exhaustion. Nevertheless, Defendants are not waiving their right to raise this as an affirmative defense or move for summary judgment for failure to do so at some later point. In *Jones v. Bock*, 549 U.S. 199, 202 (2007), the Supreme Court held, in part, that inmate-plaintiffs are not required to plead exhaustion of administrative remedies, and that failure to do so is not grounds for dismissal. However, the 11th Circuit has held that the issue of a failure to exhaust administrative remedies is appropriate for resolution at the motion to dismiss stage as a matter of judicial administration. *See Bryant v. Rich*, 530 F.3d 1368, 1375; *see Soler v. Bureau of Prisons*, 2007 WL 496472, 1 (N.D. Fla. 2007); *Halpin v. David,* 2009 WL 789684, 5 (N.D. Fla. 2009). While not entirely clear or dispositive, it appears that in those cases where the failure to exhaust <u>is</u> addressed on a motion to dismiss, the plaintiffs had either made an allegation in the complaint, and/or attached exhibits in order to demonstrate exhaustion. In the instant action, Plaintiffs have neither plead exhaustion nor attached exhibits related thereto. In any event, Defendants here have concluded that there are not grounds for raising the failure to exhaust administrative remedies issue in this motion to dismiss, but reiterate that are not waiving the right to raise it at an appropriate later time in this litigation.

### III.  CONCLUSION

Plaintiffs' complaint sounds in negligence and malpractice, and even where they characterize Defendants actions as "punitive" or "punishment", they have completely failed to plead facts which states a section 1983 cause of action for violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  In particular, they have not alleged facts which would show that Defendants' omissions with respect to mental health were "deliberately indifferent", or grossly inadequate, etc., as to rise to the level of constitutional violations.  Likewise with the alleged use of isolation and restraints (and other deprivations), Plaintiffs have not alleged facts from which this court could conclude or construe that Defendants' actions were done "maliciously and sadistically" so as to violate the Eighth Amendment.  Accordingly, Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendants' motion to dismiss should be granted for all the foregoing reasons.

DENNIS, JACKSON, MARTIN &
FONTELA, P.A.

By: *William Peter Martin*
WILLIAM PETER MARTIN (FBN: 0840324)
Peter@djmf-law.com
1591 Summit Lake Loop, Suite 200
Tallahassee, FL 32317
(850) 422-3345
(850) 422-1325 (fax)
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF to Andrea Costello, Florida Institutional Legal Services, Inc., 14260 W. Newberry Road - #412, Newberry, FL 32669; Amy Guinan, Florida Legal Services, Inc., 2425 Torreya Drive, Tallahassee, FL 32303; Cynthia S. Tunnicliff, Pennington, Moore, Wilkinson, Bell & Dunbar, 215 South Monroe Street, 2nd Floor, Tallahassee, Florida 32301, on the <u>14th</u> day of April, 2011.

**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

By: *William Peter Martin*
WILLIAM PETER MARTIN (FBN: 0840324)
Peter@djmf-law.com
1591 Summit Lake Loop, Suite 200
Tallahassee, FL 32317
(850) 422-3345
(850) 422-1325 (fax)
Attorneys for DJJ